

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| TONY ELGIN PATTERSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:04-22771-HFF |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

ORDER

## I.    INTRODUCTION

This is a motion to vacate a sentence under 28 U.S.C. § 2255. Movant Tony Elgin Patterson (Movant) is proceeding *pro se.* As discussed below, the Court will grant Respondent's motion to dismiss.

## II.   FACTS AND PROCEDURAL HISTORY[1]

On November 25, 2002, Movant, represented by Counsel, pled guilty to one count of conspiracy to possess with intent to distribute cocaine and crack cocaine and one count of possession with intent to distribute and distribution of cocaine and crack cocaine. On March 17, 2003, Movant

---

[1] The Court does not discuss the facts of Movant's criminal proceeding in detail but only those facts relevant to the instant motion.

was sentenced to 293 months of imprisonment and five years supervised release. Movant appealed to the Court of Appeals, and the appeal was denied on October 3, 2003. Movant filed the present motion on October 26, 2004.

### III.  MOVANT'S CLAIMS

Movant argues that his sentence should be vacated on the following ground:

(1)  *Blakely v. Washington* and *United States v. Booker* render his sentencing under the guidelines unconstitutional

(2)  ineffective assistance of counsel

### IV.  DISCUSSION

#### A.  **Application of *Blakely* and *Booker***

Movant's first claim is based on the United States Supreme Court's decisions in *Blakely v. Washington*, 124 S.Ct. 531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005), in which the Court found the mandatory application of the sentencing guidelines to be an unconstitutional deprivation of the right to jury trial guaranteed by the Sixth Amendment.[2] Movant's claims must fail because Movant's sentencing occurred prior to the Court's decisions in *Blakely* and *Booker* and neither has been made retroactive by the Court. *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004) (holding that the Sixth Amendment right to have jury make factual determinations did not apply retroactively); *United States v. Beatty*, 103 Fed. App'x. 785 (4th Cir. 2004) (holding that *Blakely*

---

[2] Movant's invocation of *Booker* is in his response to Respondent's motion to dismiss, filed June 15, 2005.

[predecessor to *Booker*] had no retroactive application in § 2255 context); *see also McReynolds v. United States,* 397 F.3d 479, 480 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Green v. United States,* --- F.3d ----, 2005 WL 237204, *1 (2d Cir. Feb. 2, 2005)("[N]either *Booker* nor *Blakely* apply retroactively to [Freeman's] collateral challenge"); *In re Anderson*, 396 F.3d 1336 at 1339-40 (11th Cir. 2005)(same; second or successive petition).  Further, "a new rule [of constitutional law] is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Therefore, Movant's first claim is untenable.

    **B.**    **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, Movant must establish: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id.* at 689.  To satisfy the second prong of the *Strickland* test, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

Here, Movant alleges ineffective assistance of counsel based on the following grounds: (1) counsel failed to ensure that the Court explained why it sentenced him at the high end of the

3

guideline range and (2) counsel failed to raise this issue on appeal. Both allegations fail to state a claim under the first prong of *Strickland*.

First, the district court has discretion to sentence at any level within the guideline range. *United States v. Roberts*, 881 F2d 95, 106-07 (4th Cir. 1999). Second, failure to explain why it is sentencing within the range, as required by 18 U.S.C. § 3553(c)(1) (requiring explanation of why particular sentence is being imposed), does not amount to plain error on the part of the Court. *E.g., United States v. Espinal*, 141 F.3d 1160 (4th Cir. 1998) *cert. denied*, 119 S. Ct. 201 (1998); *United States v. Evans*, 127 F.3d 1100 (4th Cir. 1997); *United States v. Robinson*, 116 F.3d 1474 (4th Cir. 1997), *cert. denied*, 522 U.S. 1092 (1998); *United States v. McGill*, 92 F.3d 1183 (4th Cir. 1996). Because of these decisions, Movant's counsel had no reason to object to the Court's failure to comply with § 3553(c)(1). In other words, Movant's counsel knew that an objection would serve no purpose because the sentence would not be disturbed on appeal even if an objection were raised. Thus, Movant's trial counsel did not act objectively unreasonably.

Movant's appellate counsel likewise did not act unreasonably in handling Movant's appeal. First, Movant's counsel raised the issue of sentencing on appeal, and the appellate court upheld the sentence imposed. *United States v. Patterson*, 79 Fed. App'x. 591 (4th Cir. 2003). Second, counsel's failure specifically to raise the § 3553(c)(1) issue was not objectively unreasonable because, as outlined above, any error committed by the Court on this issue would not warrant reversal. Therefore, Movant's claim fails under *Strickland*.

## V.   CONCLUSION

Based on the foregoing, the Court finds that Respondent's motion to dismiss should be, and hereby is, **GRANTED.**

**IT IS SO ORDERED.**

Signed this 29th day of September, 2005, in Spartanburg, South Carolina.

                                  s/ Henry F. Floyd
                                  HENRY F. FLOYD
                                  UNITED STATES DISTRICT JUDGE

### NOTICE OF RIGHT TO APPEAL

Movant has the right to appeal this Order within sixty days from the date hereof, pursuant to Fed. R. Ap. P. 3-4.  Failure to meet this deadline waives the right to appeal.